**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CANDACE N. EDWARD,

    **Plaintiff,**                 **CASE NO. 3:20-cv-01418**

v.                                         **JURY TRIAL DEMANDED**

THE CBE GROUP, INC.,

    **Defendant.**

_____/

**COMPLAINT**

NOW comes CANDACE N. EDWARD ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of THE CBE GROUP, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 et seq., for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events that gave rise to this action occurred within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Jacksonville, Florida, which is within the Middle District of Florida.

5. Defendant claims that it has, "been serving hundreds of creditors, universities and federal government clients, including Internal Revenue Service (IRS)."[1] Defendant is a corporation engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Florida. Defendant's principal place of business is located at 1309 Technology Pkwy, Cedar Falls, Iowa 50613.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt").

8. Upon information and belief, the subject debt stems from defaulted payments in connection with a personal obligation incurred by Plaintiff's son's father who, aside from sharing a child with Plaintiff, has no other relation to Plaintiff.

9. Around October 2020, Plaintiff began receiving calls to her cellular phone, (904) XXX-6002, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6002.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://www.cbegroup.com/

11. Defendant has called Plaintiff using various phone numbers, including but not limited to (904) 903-2315 and (904) 903-2285.

12. Immediately after the calls began, Plaintiff answered a phone call to her cellular telephone from a representative of Defendant. The representative informed Plaintiff that it was looking for Devin Hubbard ("Devin") – Plaintiff's son's father.

13. Plaintiff was perplexed why Defendant was calling her because the debt Defendant was attempting to collect a debt that did not belong to her and to which she had no connection.

14. Plaintiff notified Defendant that it was calling the wrong number and that Devin his her son's father but she has no relation to him. Furthermore, Plaintiff demanded that Defendant cease calls to her cellular phone.

15. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

16. On at least two (2) separate occasions Plaintiff informed Defendant that the number ending in 6002 does not belong to Devin and demanded that Defendant cease its calls to Plaintiff's cellular telephone immediately.

17. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls to Plaintiff in an attempt to collect on a defaulted debt belonging to Devin.

18. Defendant willfully ignored Plaintiff's pleas and continued placing phone calls to Plaintiff's cellular phone.

19. Despite Plaintiff's efforts, Defendant has continued to regularly call her cellular phone up until the filing of this lawsuit.

20. Plaintiff has received dozens of phone calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different person to whom she is not related, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §§ 1692b & c(b)**

29. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location

information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §§ 1692b,b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named Devin.  Plaintiff repeatedly advised Defendant that it was calling the wrong person, so Defendant had more than enough information to know that the number it was calling did not belong to Devin. The fact that it was looking to speak with a male named Devin, but continuously called Plaintiff, whose name is Candace, is illustrative of Defendant's unfair practice. Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

### b.  Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular about a debt that did not belong to

5

her. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she is not Devin and demanded that the calls cease.

33. Furthermore, Defendant caused Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by her with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone without her consent.

34. Defendant was repeatedly notified by Plaintiff that she is not Devin and that its calls were not welcome. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her, yet consciously chose to continue its harassment of Plaintiff.

### c. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls, even though the debt did not belong to her. Through its conduct, Defendant

misleadingly represented to Plaintiff that it had the legal ability to contact her when it never had consent to do so in the first place.

38. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from attempting to collect debts which are not due and owing by the target of a debt collector's collection efforts, underscoring the extent to which Defendant's conduct materially harmed Plaintiff's interests protected by the FDCPA.

39. Defendant's actions only served to exacerbate the worry and confusion Plaintiff was already experiencing as a result of Defendant's false, deceptive, and misleading debt collection conduct.

### a. Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual by the name of Devin, attempting to dragoon Plaintiff into answering calls concerning a debt she did not legally owe. By placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

42. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers that do not legally owe such debt.

44. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CANDACE N. EDWARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 17, 2020

Respectfully Submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com